IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JESUS CARRETE,**

 **Plaintiff,**

**v.**                   **No. 21-cv-0678 SMV/JHR**

**NEW MEXICO RACING COMMISSION,**

 **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant New Mexico Racing Commission's Motion to Dismiss in Lieu of Answer for Failure to Comply with Rule 1-075 NMRA (the "Motion to Dismiss") [Doc. 3], filed on July 28, 2021. Plaintiff responded on August 9, 2021. [Doc. 8]. Defendant replied on August 23, 2021. [Doc. 10]. The Court ordered supplemental briefing limited to two issues: (1) whether the Tenth Circuit recognizes the implication of a property or liberty interest in the disqualification of two horses from a single race and the suspension of Plaintiff's license for 15 days, and (2) whether Defendant is a "person" under 42 U.S.C. § 1983 ("§ 1983").[1] [Doc. 12]. The supplemental brief, response, and reply were filed on October 8, October 22, and November 5, 2021, respectively. [Docs. 13, 14, and 16]. The Court held oral argument on

---

[1] Section 1983 provides, in part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

November 17, 2021. The parties consented to my presiding over this matter and entering final judgment. [Doc. 7].

Having considered the parties' submissions, the oral argument, the record, the relevant law, and being otherwise fully advised in the premises, the Court will GRANT the Motion and dismiss Plaintiff's § 1983 claims with prejudice and Plaintiff's declaratory judgment claim without prejudice.

## BACKGROUND

The Sunland Park Board of Stewards (the "Stewards") initiated disciplinary proceedings against Plaintiff after Plaintiff's horses tested positive for a prohibited quantity of dexamethasone. [Doc. 1-1] at 2–4; *see* N.M. Stat. Ann. § 60-1A-12 (West 2007) (describing the powers and duties of the Stewards); N.M. Code R. § 15.2.1.9 (setting forth disciplinary procedures). Two of Plaintiff's horses placed first in races at the Downs at Albuquerque Racetrack on September 9, 2017. *Id*. ¶ 3. These wins qualified them to race in the La Fiesta Futurity championship race (the "Championship Race"), which had overall purse money of $252,514. *Id*. Blood tests performed after the qualifying races revealed that both horses had a quantity of dexamethasone in their blood that exceeded the amount permitted by regulation. *Id*. ¶¶ 5, 7. The Stewards withdrew the first horse from the Championship Race but permitted the other horse, Strykr Force, to run. *Id*. ¶ 8. Strykr Force won the Championship Race. *Id*. ¶ 9.

In March 2018, after a disciplinary hearing, the Stewards disqualified Strykr Force from the Championship Race—which resulted in Plaintiff's loss of the race purse—imposed a $1,500 fine, and suspended Plaintiff's horse racing license for 15 days. *Id*. ¶ 14. Plaintiff appealed the Stewards' ruling to the Commission. The Commission appointed a hearing officer who, after

holding a two-day evidentiary hearing, recommended that Defendant affirm the penalties imposed by the Stewards. *Id*. ¶¶ 16–17. On June 17, 2019, Defendant adopted the hearing officer's findings of fact and imposed the recommended penalties. *Id.* ¶¶ 16–18. Plaintiff filed the present suit in state district court nearly two years later, alleging that Defendant violated his due process rights. *See id.* at 1, 14–21. Defendant removed the case to this Court. [Doc. 1].

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and discussing application of Fed. R. Civ. P. 12(b)(6)). The court's role when reviewing "a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). "In applying this standard, we take Plaintiff['s] well-pleaded facts as true, view them in the light most favorable to Plaintiff[], and draw all reasonable inferences from the facts in favor of Plaintiff[]." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir.), *cert. denied,* 142 S. Ct. 477 (2021).

## DISCUSSION

In his Complaint, Plaintiff asserts that Defendant suspended his license, imposed fines, and deprived him of the winnings of the Championship Race without due process of law. [Doc. 1-1] at 1. Specifically, Plaintiff alleges that he was denied a meaningful opportunity to be heard because the process for testing the horses' blood samples was faulty and the hearing officer ignored unrebutted expert testimony at the March 2019 hearing. *Id.* at 4–5. He maintains that Defendant

3

acted arbitrarily and contrary to law when it applied an unwritten rule to impose penalties against him. *Id*. at 15, 20–21. Plaintiff also asserts that certain provisions of the regulations applicable to horse racing are unconstitutional on their face, specifically the "Absolute Insurer Rule," which provides in part that "[t]he trainer is the absolute insurer of the condition of horses entered in an official workout or race and is responsible for the presence of any prohibited drug or medication, or other prohibited substance in such horses." *Id*. at 15–19; N.M. Code R. § 16.47.1.10(A)(1).[2] Plaintiff seeks monetary damages for losses caused by the suspension of his license, the fines, and the loss of the Championship Race purse. [Doc. 1-1] at 22.

In addition to claims for damages, Plaintiff seeks declaratory relief under the New Mexico Declaratory Judgment Act (the "Act") that the Absolute Insurer Rule and Defendant's reliance on an unwritten rule to determine penalties is unconstitutional. *Id.* at 15. *See* N.M. Stat. Ann. §§ 44-6-1 to -15 (West 1975).

In its Motion to Dismiss, Defendant argues that Plaintiff's claims should be dismissed because Plaintiff did not timely appeal Defendant's final decision under New Mexico Rule of Civil Procedure 1-075. *See generally* [Doc. 3]. Plaintiff argues in response that the New Mexico Rules of Civil Procedure do not apply here because he brings federal constitutional claims that are subject to the Court's original jurisdiction rather than its appellate jurisdiction.

---

[2] *See* N.M. Code R. § 16.47.l.10(B)(1) NMAC ("The trainer is the absolute insurer of the condition of horses entered in an official workout or race and is responsible for the presence of any prohibited drug or medication, or other prohibited substance in such horses. A positive test for a prohibited drug or medication or other prohibited substance or the presence of permitted medication in excess of maximum allowable levels as reported by a commission-approved laboratory is prima facie evidence of a violation of this rule. The trainer is absolutely responsible regardless of the acts of third parties."); *see also* N.M. Code R. § 15.2.6.1l(A) NMAC ("The trainer is responsible for the condition of horses entered in an official workout or race and is responsible for the presence of any prohibited drug, medication or other substance, including permitted medication in excess of the maximum allowable level, in such horses. A positive test for a prohibited drug, medication or substance, including permitted medication in excess of the maximum allowable level, as reported by a Commission-approved laboratory, is prima facie evidence of a violation of this rule. In the absence of substantial evidence to the contrary, the trainer is responsible).

4

After submitting supplemental briefing on the questions posed by the Court, Defendant conceded at oral argument that Plaintiff has an interest in pursuing his profession[3] that entitles him to due process. *See State Racing Comm'n v. McManus*, 1970-NMSC-134, ¶ 19, 82 N.M. 108, 476 P.2d 767 (stating that a horse jockey has a right "to engage in his chosen profession and is entitled to due process of law if he is to be lawfully denied an opportunity to do so"). In turn, Plaintiff conceded that Defendant is not properly named as a defendant for his § 1983 claims seeking monetary damages (counts two, three and four) and that those claims should be dismissed. Plaintiff argued that Defendant is a proper defendant for his claim under the Act (count one). Plaintiff also orally moved to amend the Complaint to assert a claim for declaratory judgment under § 1983.

## I. Defendant is not a Proper Defendant for Plaintiff's § 1983 Claims.

The Court will dismiss Plaintiff's three claims based on § 1983 because, as Plaintiff conceded, Defendant is not a proper party under § 1983.[4] A cause of action under § 1983 requires the deprivation of a civil right by a "person" acting under color of state law. § 1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 60 (1989). The Supreme Court has held that a state is not a "person" under § 1983. *Will*, 491 U.S. at 71. Moreover, state entities are arms of the state, and a suit against a state entity is construed as a suit against the state. *See id.* at 60 (construing a suit against the "Michigan Department of State Police" as a suit against the State of Michigan).

---

[3] Because Plaintiff's § 1983 claims will be dismissed on other grounds, the Court need not decide whether Plaintiff also has a property interest in the winnings from the September 9, 2017 or September 24, 2017 races.

[4] Defendant removed this case from state court to federal court and thereby waived Eleventh Amendment immunity. *See Cornforth v. Univ. of Okla. Bd. of Regents*, 263 F.3d 1129, 1132 (10th Cir. 2001); *McLaughlin v. Bd. of Trs. of State Colleges of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). However, "[a] governmental entity that is an arm of the state for Eleventh Amendment purposes is not a 'person' for § 1983 purposes." *McLaughlin*, 215 F.3d at 1172 (quoting *Harris v. Champion*, 51 F.3d 901, 905 (10th Cir.1995).

Here, the New Mexico Racing Commission was created by state statute to regulate the horse racing industry. Its members are appointed by the governor and confirmed by the senate. The Commission is "administratively attached" to the New Mexico tourism department. N.M. Stat. Ann. § 60-1A-3 (West 2007). The Court, therefore, construes Plaintiff's § 1983 claims as against the State of New Mexico. Such claims cannot lie. *See Will*, 491 U.S. at 71.

Because amendment of Plaintiff's § 1983 claims would be futile, the Court will dismiss Plaintiff's § 1983 claims with prejudice.[5] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile."). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Adams v. C3 Pipeline Constr. Inc.*, 17 F.4th 40, 69 (10th Cir. 2021) (quoting *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999)).

Amendment of Plaintiff's § 1983 claims to name individuals acting in their official capacity would be futile because such claims are construed as against the state. *Will*, 491 U.S. at 71 (stating that in suits for damages "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). In addition, to the extent Plaintiff's procedural due process allegations based on application of an unwritten rule might lie against the Stewards, the hearing officer, and/or the members of the New Mexico Racing Commission in their individual capacities, amendment of count four to name those individuals would be futile because Plaintiff did not appeal Defendant's final decision to the state district court.

---

[5] Plaintiff did not seek leave to amend his § 1983 claims in response to the Motion to Dismiss or at oral argument.

6

When a deprivation of property is caused by unauthorized acts of a state employee, "due process is satisfied so long as 'a meaningful post[-]deprivation remedy for the loss is available.'" *Requena v. Roberts*, 893 F.3d 1195, 1212 (10th Cir. 2018) (quoting *Hudson v. Palmer*, 468 U.S. 517, 532 (1984)). The post-deprivation remedy provided to Plaintiff was an appeal to the state district court. Because Plaintiff did not pursue that remedy, this Court would be unable to assess the constitutional adequacy of the processes provided to Plaintiff even if the Complaint were amended. *See Patterson v. Oklahoma ex rel. Bd. of Regents of Univ. of Oklahoma*, No. CIV-20-355-R, 2020 WL 5666055, at *5 (W.D. Okla. Sept. 23, 2020) (stating that "the deprivation for a procedural due process claim is not complete 'until the State fails to provide due process,' which cannot be determined until" the state-provided remedies are completed (quoting *Zinerman v. Burch*, 494 U.S. 113, 125 (1990)); *Ameritas Life Ins. Corp. v. Morgan*, 933 F.2d 1007 (6th Cir. 1991) (dismissing a procedural due process claim based on application of an unwritten rule in part because the remedies provided under state law had not been pursued to completion); *McNulty v. Sandoval Cty.*, No. CV 05-221 BB/ACT, 2005 WL 8163566, at *3 n.3 (D.N.M. Aug. 15, 2005) (unpublished) (stating that "it is impossible to determine whether [the d]efendants' post-termination procedures are constitutionally inadequate, when" the plaintiff had not pursued those procedures, including appeal to the state district court).[6] Dismissal of Plaintiff's § 1983 claims with prejudice is appropriate under these circumstances.

---

[6] Some courts use the term "exhaustion" to refer to this analysis, but it is conceptually distinct from the Court's analysis of whether state remedies must be exhausted before § 1983 procedural due process claims may be heard in federal court. *See McNulty*, 2005 WL 8163566, at *3 n.3 (stating that whether a federal court can review a procedural due process claim when the procedures provided have not been completed is a different question from whether such remedies must be exhausted); *Raymond v. Bd. of Regents of the Univ. of Minnesota*, 847 F.3d 585, 589–90 (8th Cir. 2017) (stating that the requirement that a plaintiff pursue available remedies to completion "is distinct from exhaustion requirements in other contexts" and that "this requirement is necessary for a procedural due process claim to be ripe for adjudication" (quoting *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009)).

**II.      Plaintiff's Declaratory Judgment Claim is Untimely Under Rule 1-075.**

In the Motion, Defendant argues that all four of Plaintiff's claims are untimely because Plaintiff did not pursue them in state district court within the time set by Rule 1-075. Defendant is only partially correct.

Plaintiff was not required to bring his § 1983 claims within Rule 1-075's deadline. *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 519 (10th Cir. 1998) (stating that a plaintiff's "failure to seek judicial review in state court [did not] preclude[] his procedural due process claim" and that "[i]t is beyond dispute that a plaintiff need not exhaust state administrative remedies before filing suit in federal court under § 1983"); *McNulty*, 2005 WL 8163566, at *3 n.3 (stating that exhaustion of state law remedies did not bar the plaintiff's § 1983 post-termination due process claim).

However, a different analysis applies to Plaintiff's declaratory judgment claim. Under Rule 1-075, a petition for review of a final agency decision must be filed in the state district court within 30 days of the agency decision. *See La Mesa Racetrack v. State Racing Comm'n*, No. 31,884, 2013 WL 4516402, at *3 (N.M. Ct. App. Mar. 21, 2013) (unpublished) (stating that Rule 1-075 applied to appeal of a decision by Defendant); [Doc. 1-1] at 39. When a party appeals an agency decision to the state district court under Rule 1-075, the party may also allege constitutional violations, such as deprivation of due process, before the district court, even if the issues were not raised before the agency's adjudicative body. *Victor v. New Mexico Dep't of Health*, 2014-NMCA-012, ¶ 25, 316 P.3d 213. In such cases, the district court exercises its appellate jurisdiction to review the agency's decision and its original jurisdiction to address the constitutional claims. *See*

*id.* ¶ 24 ("Constitutional challenges that exceed the scope of the hearing officer's review are subject to the original jurisdiction of the district court.").

Declaratory judgment claims fall within Rule 1-075's ambit under certain circumstances. "[T]he Declaratory Judgment Act is specifically designed to bring an action challenging the constitutionality or validity of local laws or ordinances." *Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 14, 142 N.M. 786, 171 P.3d 300. Generally, when "the matter at issue (1) is purely legal, (2) requires no specialized agency fact-finding, and (3) there is no exclusive statutory remedy, it is a proper matter for a declaratory judgment action and does not require exhaustion of administrative remedies." *New Energy Econ., Inc., v. Shoobridge*, 2010-NMSC-049, ¶ 12, 149 N.M. 42, 243 P.3d 746. However, "a party who initiated the appeals process in an administrative action [can]not use a declaratory judgment action to circumvent the requirements of an administrative appeal." *Id.* ¶ 12. For instance, in *Smith*, two groups of plaintiffs brought a declaratory judgment action seeking a determination that the City of Santa Fe lacked authority to deny a well permit, a question of law outside the purview of the City's administrative review process. 2007-NMSC-055, ¶¶ 5, 27. The Court held that, because one group of plaintiffs had applied for a permit and appealed the denial thereof through the administrative review process, those plaintiffs were required to "either pursue a timely appeal under Rule 1-075 or, at a minimum, *initiate a declaratory judgment action* within the same time frame." *Id.* ¶ 24 (emphasis added). Since they did not do so, the district court lacked jurisdiction over those plaintiffs' claim. *Id.* "To hold otherwise would invite chaos and preclude certainty in the finality of administrative decisions that might otherwise be subject to multiple avenues of judicial review at unpredictable times."

*Id.* ¶ 23. In contrast, the district court had jurisdiction over the other plaintiffs' declaratory judgment action because they had not initiated the administrative process. *Id.* ¶ 25.

Relying on *Victor* and *El Castillo Retirement Residences v. Martinez*, 2015-NMCA-041, 346 P.3d 1164, Plaintiff argues that, because they could not be decided by Defendant, his constitutional claims invoke the district court's original, not appellate, jurisdiction and therefore, he is not bound by procedural rules governing administrative appeals like Rule 1-075. [Doc. 4] at 1–2, 5–8. Neither *Victor* nor *El Castillo* supports Plaintiff's position. The relevant issues in both *Victor* and *El Castillo* were whether constitutional issues were properly raised before the district court when those issues had not been considered by the administrative body and which appellate rules govern when the district court exercises both original and appellate jurisdiction. *See, e.g.*, *El Castillo*, 2015-NMCA-041, ¶¶ 6–7, 14; *Victor*, 2014-NMCA-012, ¶ 22. Neither case involved a question of timeliness because both appellants brought their constitutional claims within the deadlines set for review of an administrative body's decision by the New Mexico Rules of Civil Procedure. *El Castillo*, 2015-NMCA-041, ¶ 6; *Victor*, 2014-NMCA-012, ¶ 11. Hence, those decisions are not contrary to *Smith*.

Defendant's final decision was issued on June 17, 2019. [Doc. 1-1] at 38–39. Because he initiated the administrative review process, Plaintiff had 30 days to appeal the decision *and* to assert his declaratory judgment claim. *Smith*, 2007-NMSC-055, ¶ 24; Rule 1-075(A), (R)(4). Plaintiff filed the present suit in June 2021, nearly two years after that deadline had run. Thus, Plaintiff's declaratory judgment claim is untimely, and this Court lacks jurisdiction to hear it. Count one will be dismissed without prejudice. *Brereton*, 434 F.3d at 1218 (stating that "dismissals for lack of jurisdiction should be without prejudice because the court, having determined that it

lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims").

### III.     Plaintiff's Declaratory Judgment Claim is Moot.

Even if it were not untimely, Plaintiff's declaratory judgment claim must be dismissed because Plaintiff has not shown there is an ongoing case or controversy after dismissal of his § 1983 claims. Under both federal and New Mexico law, there must be "the presence of an 'actual controversy' before a district court can assume jurisdiction in a declaratory judgment action." *New Energy Econ., Inc.*, 2010-NMSC-049, ¶¶ 17–18 (quoting N.M. Stat. Ann. § 44-6-2 (West 1975)); *see* 28 U.S.C. § 2201 (2018). "In the absence of any actual case or controversy, it is improper to issue a declaratory judgment." *New Energy Econ., Inc*, 2010-NMSC-049, ¶¶ 17–18. A possibility or "even probability that a person may be adversely affected in the future by official acts fails to satisfy the actual controversy requirement." *Id*. (quoting *Yount v. Millington,* 1993-NMCA-143, ¶ 34, 117 N.M. 95, 869 P.2d 283 (rejecting the plaintiff's argument that declaratory judgment was warranted because there was a danger of injury to others by repetition of the officials' allegedly wrongful acts)). Rather, "what makes a declaratory judgment action a proper judicial resolution of a case or controversy rather than an advisory opinion is the settling of some dispute which affects the behavior *of the defendant toward the plaintiff.*" *Jordan v. Sosa*, 654 F.3d 1012, 1025 (10th Cir. 2011) (quoting *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010)).

The Court will dismiss Plaintiff's § 1983 claims because Defendant is not a proper party, as discussed above. Once those claims are dismissed, there is no longer a dispute between Plaintiff and Defendant that a declaratory judgment would resolve. *See Ashcroft v. Mattis*, 431 U.S. 171,

11

172 (1977) (per curiam) (holding that there was no basis for declaratory judgment on the plaintiff's claim that a statute was unconstitutional after the plaintiff's claims for damages against the defendants were dismissed).

Plaintiff's argument that Defendant *may* bring allegations of medical violations against him and may rely on the Absolute Insurer Rule or unwritten rules in the future does not demonstrate a substantial likelihood that Plaintiff will be injured in the future. *Smith v. Johnson*, No. CIV.A. 05-CV-01306WD, 2006 WL 1581740, at *4 (D. Colo. June 5, 2006) ("A party cannot maintain an action for declaratory or injunctive relief unless a substantial likelihood of being injured in the future is demonstrated."). The mere possibility that Defendant's rules and procedures will be applied to Plaintiff is too speculative and nonspecific to sustain a declaratory judgment action. *See Haim v. Monroe Cty.*, No. 4:20-CV-10058-KMM, 2020 WL 4910854, at *4 (S.D. Fla. Aug. 17, 2020) (stating that the "controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury" (quoting *Emory v. Peeler*, 756 F.2d 1547, 1551–52 (11th Cir. 1985)), *aff'd,* 858 F. App'x 340 (11th Cir. 2021)). Hence, count one of Plaintiff's Complaint also must be dismissed without prejudice for lack of an actual controversy.

Similarly, Plaintiff's oral request for leave to amend the Complaint to assert a declaratory judgment claim under § 1983[7] will be denied because amendment is futile given the lack of a present dispute between the parties that a declaratory judgment would resolve.

---

[7] *See Amaro v. New Mexico*, 737 F. App'x 882, 889 (10th Cir. 2018) (stating that a § 1983 declaratory judgment claim may be brought against state officials in their official capacity).

## CONCLUSION

Counts two through four of the Complaint must be dismissed because Defendant is not a proper party for those claims. In addition, Plaintiff's declaratory judgment claim is untimely under Rule 1-075. Moreover, in the absence of a dispute that would be resolved by a declaratory judgment, a declaratory judgment claim under either the New Mexico Declaratory Judgment Act or § 1983 is moot. Therefore, count one will be dismissed without prejudice and Plaintiff's oral request for leave to amend his Complaint to assert a claim for declaratory judgment under § 1983 will be denied as futile.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss in Lieu of Answer for Failure to Comply with Rule 1-075 [Doc. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's oral motion to amend count one is **DENIED**. The Court will enter a separate order dismissing Plaintiff's Complaint in its entirety pursuant to Fed.R.Civ.P. 58.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**